IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

EMILY COHEN SHETTLESWORTH,
individually and as natural parent and
next friend of CHELSEA BLAIR SHETTLESWORTH　　　　　PLAINTIFF

VS.　　　　　　　　　　　　　　　　　　CIVIL ACTION NO. 2:08-CV-83-P-A

DESOTO COUNTY SHERIFF'S
DEPARTMENT and JOHN BUSBY,
individually and in his capacity as a
Desoto County Deputy Sheriff　　　　　　　　　　　　DEFENDANTS

## **ORDER**

This matter is before the court upon motion by defendants Desoto County Sheriff's Department and John Busby, to compel plaintiff's response to discovery requests, including requests for production of documents, interrogatories and requests for admissions, and for sanctions under Fed. R. Civ. P. 37(b)(2). The motion is defendants' second request to compel plaintiff to respond to discovery. Doc. # 25. The court previously ordered plaintiff to respond to defendants' interrogatories and requests for production no later than September 21, 2009. Doc. # 35. Plaintiff has not complied with that Order. In fact, other than filing a motion to amend the complaint and a motion to withdraw admissions deemed admitted by operation of Federal Rule for plaintiff's failure to respond,[1] the plaintiff has had no contact with the court, nor has she filed anything on the court's docket, including a response to the instant motion, since August 10, 2009. Docket 27 & 28.

Defendants ask the court to dismiss plaintiff's claims, in whole or in part, as a sanction for failure to comply with its September 10, 2009 Order. Rule 37(a) of the Federal Rules of Civil

---

[1] Both motions were denied on September 10, 2009.

Procedure provides that a party may move for an order compelling response to interrogatories under Rule 33 or requests for production under Rule 34. Fed. R. Civ. P. 37(a)(3). If the court grants the motion to compel or the offending party provides discovery after the motion is filed, "the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. . . ." unless the court finds that

> (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
> (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or
> (iii) other circumstances make an award of expenses unjust. . . .

Fed. R. Civ. P. 37(a)(5).

Furthermore, if the court orders compliance, and a party fails to obey the court order, the court may grant specific sanctions against the disobedient party, including

> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
> (iii) striking pleadings in whole or in part;
> (iv) staying further proceedings until the order is obeyed;
> (v) dismissing the action or proceeding in whole or in part; (vi) rendering a default judgment against the disobedient party; or
> (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A). In addition to the above sanctions allowed under Rule 37 for a party's failure to respond or cooperate in discovery, the court may also, under Rule 41, dismiss a party's claims "[f]or failure of the plaintiff to prosecute or to comply with these rules or any order of court. . . ." According to the defendant, the plaintiff's numerous discovery violations

and failure to comply the court's Order compelling responses to interrogatories and requests for production warrants dismissal of the case.

Dismissal of a case for action or inaction by a party is seen as the most severe sanction. The court has a duty to impose the least severe sanctions necessary to achieve its objective. *Thomas v. Capital Sec. Servs., Inc.*, 836 f.2d 866 (5th Cir. 1988). Generally such severe sanctions are disfavored and the court will not grant dismissal as a sanction without first providing a litigant with notice in the form of a warning that failure to comply with a rule or order of the court could result in dismissal of the case. In this case, the court has not had the opportunity to provide warnings to the plaintiff.

In this case, plaintiff's lack of contact with the court and lack of response to the defendants demonstrates a lack of interest in this case. Upon consideration of the defendants' motion and the record, and finding that the plaintiff has failed to respond, the court concludes that plaintiff must show cause, in writing and filed with the court no later than March 17, 2010, why plaintiff has not complied with the court's Order and why this case should not be dismissed under Federal Rule 41(b) for failure to prosecute.

Further, and regardless of whether the case is ultimately dismissed for lack of prosecution, the plaintiff and plaintiff's counsel must pay defendants' reasonable costs under F.R.C.P. 37(b)(2)(c), including attorney's fees, incurred as a result of defendants' having been required to file the instant motion. The obligation is made joint and several because plaintiff and her counsel are in the best position to allocate fault between themselves for the failures which have led to the sanctions. Each, however, is fully responsible for payment in the court's eyes until payment is made in full. The plaintiff is reminded that if she should again fail to comply with an order of this court, the case will likely be dismissed without further notice.

Accordingly, it is

**ORDERED**

that the defendants' motion to compel discovery is **GRANTED**. The plaintiff must fully respond to the defendants' interrogatories and request for production no later than March 17, 2010.

Plaintiff must file a written statement with the court no later than March 17, 2010 demonstrating reasons and just cause why this case should not be dismissed due to her failure to comply with the court's Orders and failure to prosecute her claims.

The plaintiff and her counsel must bear the defendants' reasonable expenses incurred by filing the present motion to compel, including attorney's fees. Defendants must submit an itemization of all reasonable expenses, including attorney's fees, incurred in connection with this matter within seven (7) days of the date of this order. Plaintiff may file objections to this itemization within fourteen (14) days of the date of this order. If no objections are filed, defendants' itemization of fees and expenses will be deemed reasonable, and plaintiff and her counsel must tender to defendants an amount equal to their total costs within twenty-eight (28) days of this order.

THIS the 10th day of March, 2010.

    /s/ S. ALLAN ALEXANDER
    UNITED STATES MAGISTRATE JUDGE